Matter of Aracelis L. (Diamond P.) (2019 NY Slip Op 02097)





Matter of Aracelis L. (Diamond P.)


2019 NY Slip Op 02097


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-09459
 (Docket Nos. N-19604-18, N-19605-18)

[*1]In the Matter of Aracelis L. (Anonymous). Administration for Children's Services, petitioner- appellant; Diamond P. (Anonymous), respondent- respondent, et al., respondents. (Proceeding No. 1)
In the Matter of Yahel L. (Anonymous). Administration for Children's Services, petitioner; Diamond P. (Anonymous), et al., respondents. (Proceeding No. 2)


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Rebecca L. Visgaitis of counsel), for petitioner-appellant.
Brooklyn Defender Services, Brooklyn, NY (Daniella A. Schmidt, Emma Alpert, and Collin A. Rose of counsel), for respondent-respondent.
Linda C. Braunsberg, Staten Island, NY, attorney for the child Arcelis L.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated August 9, 2018. The order, after a hearing, denied the petitioner's application pursuant to Family Court Act § 1027 to remove the child Aracelis L. from the custody of her mother pending final determination of the proceeding relating to that child.
ORDERED that the order is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) filed a petition alleging, inter alia, that the mother of the child Aracelis L. (hereinafter the subject child), had abused and neglected the subject child. After a hearing held on ACS's application pursuant to Family Court Act § 1027 to remove the subject child from the mother's custody pending final determination of the proceeding relating to that child (hereinafter the application), the Family Court found that ACS failed to meet its burden of proving by a preponderance of the evidence that the subject child would be at such imminent risk of harm in her mother's care that no order short of removal could adequately protect her. The court denied the application, and ACS appeals.
In determining whether, pursuant to Family Court Act § 1027, a child should be removed from a parent's custody pending final determination of a proceeding pursuant to Family [*2]Court Act article 10, the court must "engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal" (Nicholson v Scoppetta, 3 NY3d 357, 380). As part of that analysis, the court must "balance [the] risk against the harm removal might bring" (id. at 378).
The record in this case provides a sound and substantial basis for the Family Court's denial of the application. The extent to which the alleged harm suffered by the subject child, if any, could be attributed to any action or inaction on the part of the mother was subject to a credibility determination (see Matter of Arthur G. [Tiffany M.], 112 AD3d 925, 925-926). Further, any risks to the subject child were mitigated by the conditions imposed by the court on the mother upon the denial of the application (see Matter of Esscence R. [Ebony B. R.], 158 AD3d 806, 807). Accordingly, we agree with the court's denial of the application.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court